**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM CAMERON, | No. 10-35563 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-00042-DWM-RKS |
| v. | |
| ELIZABETH RANTZ; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 21, 2011[**]

Before:   TASHIMA, BERZON, and TALLMAN, Circuit Judges.

Montana state prisoner William Cameron appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment on the basis of qualified immunity because Cameron failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his chronic obstructive pulmonary disease and other serious medical needs. *See Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 711 (9th Cir. 2010) (a defendant is entitled to qualified immunity if there is no constitutional violation); *Toguchi*, 391 F.3d at 1056-60 (discussing deliberate indifference standard); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Cameron's appeal of the denial of his motions for preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

Cameron's remaining contentions, including those concerning alleged judicial bias and discovery matters, are unpersuasive.

Cameron's "request to include supplemental affidavit-declaration to

Plaintiff's oversized brief," and the relief requested therein, filed on March 17, 2011, are denied.

**AFFIRMED.**